United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYRUS SANAI,
Plaintiff,

v.

GEORGE CARDONA, et al.,
Defendants.

Case No. 22-cv-01818-JST

**ORDER DENYING MOTION FOR INJUNCTION PENDING APPEAL**

Re: ECF No. 81

Before the Court is Plaintiff Cyrus Sanai's motion seeking the entry of a temporary restraining order and issuance of an order to show cause why an injunction pending appeal should not issue. ECF No. 81. The Court will deny the motion.

## I. BACKGROUND

Sanai, a California lawyer, initiated this action for declaratory and injunctive relief against Defendants George Cardona, the State Bar Chief Trial Counsel, and Leah Wilson, the State Bar Executive Director, in March 2022, shortly after receiving a letter notifying him that the State Bar would initiate disciplinary proceedings against him. ECF No. 1; ECF No. 28 ¶ 30; ECF No. 77 ¶ 30. Sanai is now the subject of a pending State Bar disciplinary proceeding; the Notice of Disciplinary Charges ("NDC"), which initiates the proceeding, was filed on February 23, 2023. *See* ECF No. 81-7 at 4; Rules of Procedure of the State Bar of California, Rule 5.351(A) ("A proceeding begins when a notice of disciplinary charges is filed and served on the attorney.").

Before the NDC was filed—but after he had received a copy of the draft NDC—Sanai filed an application for a temporary restraining order and request for an order to show cause why a preliminary injunction should not issue to prevent Defendants from "taking any action to advance the disciplinary matter or matters docketed as 17-0-0572 and 20-0-14956 or any other disciplinary

action based on the same or similar facts," including by filing the NDC. ECF No. 52. On February 22, 2023, the Court denied the application. ECF No. 58.

Sanai filed a notice of appeal of the Court's February 22 order and a motion for leave to file a motion for reconsideration. ECF Nos. 68, 69. The Court denied leave to file a motion for reconsideration, concluding that the notice of appeal divested it of jurisdiction to reconsider its February 22 order. ECF No. 75.

Sanai now requests that the Court issue a temporary restraining order and an order to show cause why Defendants should not be enjoined from "taking any action to advance the disciplinary matter or matters docketed as 17-0-0572 and 20-0-14956 or any other disciplinary action based on the same or similar facts pending appeal of the Court's denial of a motion for preliminary injunction." ECF No. 81 at 2.

## II. LEGAL STANDARD

"The standard for evaluating an injunction pending appeal is similar to that employed by district courts in deciding whether to grant a preliminary injunction." *Feldman v. Ariz. Sec'y of State's Off.*, 843 F.3d 366, 367 (9th Cir. 2016). "[P]laintiffs must make a 'threshold showing' of four factors." *E. Bay Sanctuary Covenant v. Garland*, 994 F.3d 962, 975 (9th Cir. 2020) (quoting *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam)). They must "demonstrate[] that they are likely to succeed on the merits, that they are likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in their favor, and that an injunction is in the public interest." *S. Bay United Pentecostal Church v. Newsom*, 959 F.3d 938, 939 (9th Cir. 2020). The Ninth Circuit also permits an alternative balancing test, under which "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements are also met." *All. for the Wild Rockies v. Cottrell*, 532 F.3d 1127, 1132 (9th Cir. 2011).

## III. DISCUSSION

Reviewing the motion and the Court's February 22 order, the Court concludes that Sanai is unlikely to succeed on appeal because *Younger* abstention applies to this action.

The abstention doctrine first articulated in *Younger v. Harris*, 401 U.S. 37 (1971), reflects

the "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention may be raised sua sponte at any point in the appellate process." *H.C. ex rel. Gordon v. Koppel*, 203 F.3d 610, 613 (9th Cir. 2000). "Absent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

Sanai's attorney discipline proceeding is an ongoing state judicial proceeding. "California's attorney discipline proceedings are 'judicial in character' for purposes of *Younger* abstention." *Canatella v. California*, 404 F.3d 1106, 1110 (9th Cir. 2005) (quoting *Hirsh*, 67 F.3d at 712). "*Younger* abstention is required . . . when state court proceedings are initiated 'before any proceedings of substance on the merits have taken place in federal court.'" *Haw. Hous. Auth. v. Midkiff*, 467 U.S. 229, 238 (1984) (quoting *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). While "[a] federal proceeding may be deemed to have passed beyond the 'embryonic stage' if the federal court has conducted extensive hearings on a motion for a preliminary injunction or granted such a motion," the "denial of a temporary restraining order is not considered a proceeding of substance on the merits." *Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987) (internal citations omitted). Though this case was filed a year ago, no proceedings of substance on the merits have yet taken place. Other than its February 22 order denying a temporary restraining order, the Court has not issued any substantive orders in this case.[1] Because the NDC was filed prior to proceedings of substance on the merits in this case, the attorney discipline proceeding is an ongoing state judicial proceeding under *Younger*.

Attorney discipline proceedings implicate important state interests. *Canatella*, 404 F.3d at 1110-11 ("[The Ninth Circuit] ha[s] clearly stated that 'California's attorney discipline

[1] The Court has not even had the opportunity to evaluate the sufficiency of the pleadings; though Defendants have filed two motions to dismiss, each was mooted by the filing of or notice of intent to file an amended complaint.

proceedings implicate important state interests.'" (quoting *Hirsh*, 67 F.3d at 712)); *Middlesex*, 457 U.S. at 434 (holding that the state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses").

The California attorney discipline process provides an adequate opportunity for Sanai to litigate his federal constitutional claims. "Federal constitutional rights may be asserted in [California attorney] discipline proceedings, and on judicial review of such proceedings." *Canatella*, 404 F.3d at 1111 (internal citation omitted). "Although judicial review is wholly discretionary, its mere availability provides the requisite opportunity to litigate." *Id.; see also Hirsh*, 67 F.3d at 713 ("The fact that review is discretionary does not bar presentation of appellants' federal claims—appellants can raise the claims in a petition for review."). Because Sanai can raise his federal constitutional claims in the attorney discipline proceeding, *Younger* abstention is appropriate. That his claims concern the constitutionality of the attorney discipline proceedings themselves does not affect this outcome. *See Hirsh*, 67 F.3d at 713 ("Refusing to abstain would require presuming that the California Supreme Court will not adequately safeguard federal constitutional rights, a presumption the U.S. Supreme Court square rejected in *Middlesex*, 457 U.S. at 431."); *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 619 (9th Cir. 2003) ("The Supreme Court has 'repeatedly rejected the argument that a constitutional attack on state procedures themselves automatically vitiates the adequacy of those procedures for purposes of the *Younger-Huffman* line of cases.'" (quoting *Ohio C.R. Comm'n v. Dayton Christian Schs, Inc.*, 477 U.S. 619, 628 (1986))).

Even where *Younger* applies, federal courts may exercise jurisdiction where "state proceedings are conducted in bad faith or to harass the litigant, or other extraordinary circumstances exist." *Baffert*, 332 F.3d at 621; *see also Gibson v. Berryhill*, 411 U.S. 564, 577-79 (1973) (rejecting abstention where state administrative board had a pecuniary interest in the outcome of the proceedings); *Younger*, 401 U.S. at 53-54 (explaining that extraordinary circumstances could exist where a statute is "flagrantly and patently violative of express constitutional prohibitions in *every* clause, sentence and paragraph, and in *whatever manner and against whomever* an effort might be made to apply it" (emphasis added) (quoting *Watson v. Buck*,

United States District Court
Northern District of California

313 U.S. 387, 402 (1941))). Sanai alleges widespread corruption throughout the State Bar, generally relating to Tom Girardi, and argues that various aspects of California's attorney discipline system are unconstitutional. These are not extraordinary circumstances that justify rejecting abstention. *See Canatella*, 404 F.3d at 1112 (extraordinary circumstances exception did not apply where plaintiff argued that "the California Supreme Court has an inherent conflict of interest in considering constitutional challenges to state bar disciplinary proceedings" and "the state bar statutes are patently unconstitutional"); *Hirsh*, 67 F.3d at 713 (extraordinary circumstances exception did not apply where plaintiff argued that California Supreme Court justices and Bar Court judges are biased and the attorney discipline system is unconstitutional); *Pavone v. Cardona*, No. 3:21-cv-1743-BTM-BLM, 2022 WL 1060440, at *5 (S.D. Cal. Mar. 7, 2022) (extraordinary circumstances exception did not apply where plaintiff argued California State Bar is corrupt, "primarily referencing the example of Thomas Girardi"); *Kinney v. State Bar of Cal.*, No. C-13-1396 MMC, 2013 WL 1331971, at *2 (N.D. Cal. Mar. 29, 2013) (extraordinary circumstances exception did not apply where plaintiff argued his federal rights would be violated during attorney discipline proceedings because, "if plaintiff is subjected to an adverse decision by the State Bar in violation of his constitutional rights, 'such claims may be raised in judicial review of the Bar Court's decision'" (quoting *Hirsh*, 67 F.3d at 712)).

Because *Younger* abstention applies, Sanai is unlikely to succeed on the merits of his appeal. Where a party fails to "establish[] serious questions going to the merits . . ., [courts] need not consider the remaining factors for" injunctive relief. *Doe v. San Diego Unified Sch. Dist.*, 19 F.4th 1173, 1181 (9th Cir. 2021). Absent the necessary "threshold showing" of a likelihood of success on the merits, this Court cannot grant an injunction pending appeal. *E. Bay Sanctuary*, 994 F.3d at 975 (quoting *Leiva-Perez*, 640 F.3d at 966).

/ / /

/ / /

/ / /

/ / /

/ / /

**CONCLUSION**

The Court concludes that Sanai has failed to make a sufficient showing to justify the entry of a temporary restraining order or to demonstrate a basis for an order to show cause regarding the issuance of an injunction pending appeal. Sanai's motion is therefore denied.

**IT IS SO ORDERED.**

Dated: June 8, 2023



JON S. TIGAR
United States District Judge