UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>   Plaintiff,<br><br> v.<br><br>GEORGE CARDONA, et al.,<br><br>   Defendants. | Case No. 22-cv-01818-JST<br><br>**ORDER DENYING AMENDED MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Re: ECF Nos. 122, 123 |

On July 2, 2024, Plaintiff Cyrus Sanai filed a motion for a temporary restraining order and an order to show cause re: preliminary injunction. ECF No. 119. He sought to enjoin the State Bar from commencing disciplinary proceedings against him on a date when he is simultaneously required to defend an unlawful detainer proceeding in Los Angeles Superior Court. *Id.* at 24–25. On July 3, 2024, the Court denied the motion. ECF No. 121. Reasoning that *Younger* abstention applies, the Court concluded that Sanai could raise his arguments regarding his state proceedings on appeal or by writ, in the appropriate state forum. *Id.* at 2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)). Sanai subsequently filed a motion for leave to file a motion for reconsideration on July 3, averring that "he exhausted State Court appellate remedies" and that the Court failed to consider all his arguments. ECF No. 122 at 3. He then filed an amended motion for reconsideration on July 5, 2024; his amended motion is largely based upon the same arguments but adds additional details. ECF No. 123.[1] The Court will deny the motion.

Sanai argues that the Court incorrectly applied *Younger*. ECF No. 123 at 6. He also

---

[1] Later in the day on July 5, 2024, Sanai filed a third amended motion for leave to file a motion for reconsideration. ECF No. 125. Sanai filed both of his amended motions without seeking leave of Court. While the Court will consider ECF No. 123, it will not consider ECF No. 125.

1  contends that the Court only considered his argument regarding his conflicting trial dates and

2  failed to consider his other grounds for requesting relief. *Id.* at 9.  The Court declines to reanalyze

3  these issues, as it considered all of Sanai's arguments in its earlier ruling.  The same reasoning

4  applies to all of Sanai's arguments:  He can raise all of the concerns that he brought in his motion

5  for a TRO on appeal or by writ, in the appropriate state forum.  Although Sanai contends that

6  "there is no mechanism to resolve the dilemma as to revelation of client confidences," he

7  nonetheless concedes that "California Supreme Court review is an exclusive remedy that [] arises

8  [at the end] of the trial." *Id.*

9        To the extent that Sanai's motion for a TRO raised an argument that "[t]he time for

10  requesting and litigating discovery has not expired on the second [notice of disciplinary charges],"

11  Sanai conceded in his motion for a TRO that he is unlikely to suffer irreparable harm in the

12  absence of preliminary relief.   ECF No. 119 at 22; *see S. Bay United Pentecostal Church v.*

13  *Newsom*, 959 F.3d 938, 939 (9th Cir. 2020); *All. for the Wild Rockies v. Cottrell*, 532 F.3d 1127,

14  1132 (9th Cir. 2011).

15        In sum, the Court denies Sanai's motion for leave to file a motion for reconsideration.

16        **IT IS SO ORDERED.**

17  Dated: July 9, 2024



JON S. TIGAR
United States District Judge