UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE CARDONA, et al.,<br><br>　　　　Defendants. | Case No. 22-cv-01818-JST<br><br>**ORDER GRANTING MOTION TO DISMISS; ORDER DENYING PRELIMINARY INJUNCTION; ORDER DENYING MOTION TO STAY DISCOVERY AS MOOT**<br><br>Re: ECF Nos. 84, 86, 128 |

Before the Court is a motion to dismiss by Defendants George Cardona and Leah Wilson. ECF No. 86. Also before the Court is a motion for preliminary injunction by Plaintiff Cyrus Sanai. The Court will grant Defendants' motion to dismiss and deny Sanai's motion for preliminary injunction.[1] The Court will also deny Defendants' motion to stay discovery as moot.

## I.   BACKGROUND

Because the facts are well-known to the parties and the Court has summarized Plaintiff Cyrus Sanai's allegations in detail in its prior orders, ECF Nos. 58, 82, the Court will not elaborate them in detail here.

Briefly, Sanai, a California lawyer, initiated this action for declaratory and injunctive relief against Defendants George Cardona, the State Bar Chief Trial Counsel, and Leah Wilson, the State Bar Executive Director, in March 2022, shortly after receiving a letter notifying him that the State Bar would initiate disciplinary proceedings against him. ECF No. 1; ECF No. 28 ¶ 30; ECF No. 77 ¶ 30.

---

[1] The Court finds these motions suitable for disposition without oral argument and hereby vacates the August 8 and September 12, 2024 motion hearings. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b).

In January 2023, the State Bar Office of Trial Counsel ("OCTC") informed Sanai that it was about to file a Notice of Disciplinary Charges ("NDC") and that he could request an Early Neutral Evaluation ("ENE") conference. ECF No. 52 at 8; ECF No. 52-1 at 3–4; *see* Rules of Procedure of the State Bar of California, Rule 5.30(C). On February 17, 2023, Sanai filed a motion for (1) a temporary restraining order barring the OCTC from filing the NDC and (2) an order to show cause why a preliminary injunction should not issue. ECF No. 52. The Court denied Sanai's motion on February 22, 2023. ECF No. 58. Sanai subsequently appealed the Court's order to the Ninth Circuit. ECF No. 69.

The State Bar filed an NDC against Sanai on February 23, 2023. *See* ECF No. 81-7 at 4; Rules of Procedure of the State Bar of California, Rule 5.351(A) ("A proceeding begins when a notice of disciplinary charges is filed and served on the attorney."). On June 5, 2023, Sanai filed a motion seeking the entry of a temporary restraining order and issuance of an order to show cause why an injunction pending appeal should not issue. ECF No. 81. In denying the motion, the Court concluded that Sanai was unlikely to succeed on appeal because *Younger* abstention applies to this action. ECF No. 82 at 2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).[2]

Defendants filed the present motion to dismiss on July 25, 2023, arguing that the Court should dismiss Sanai's second amended complaint ("SAC") under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 86. Before Sanai filed an opposition brief, the Court stayed the entire case pending Sanai's Ninth Circuit appeal on November 3, 2023. ECF Nos. 99, 100. The Ninth Circuit issued its decision on January 30, 2024, affirming that *Younger* abstention applied. *See Roshan v. Lawrence*, No. 21-15771, 2024 WL 339100 (9th Cir. Jan. 30, 2024). It issued a mandate on April 13, 2024, ECF No. 113, and the Court subsequently set a briefing schedule for Defendants' pending motion to dismiss, ECF No. 117.

On July 2, 2024, Sanai filed a motion for a temporary restraining order. ECF No. 119. He sought to enjoin the State Bar from commencing disciplinary proceedings against him on a date when he is simultaneously required to defend an unlawful detainer proceeding in Los Angeles

---

[2] Sanai subsequently amended his Ninth Circuit appeal to include the Court's order addressing *Younger*. *See* ECF No. 83 (Amended Notice of Appeal).

1  Superior Court. *Id.* at 24–25.  The Court denied that motion on July 3, 2024.  ECF No. 121.

2  Subsequently, on July 10, 2024, Sanai filed a motion for a preliminary injunction on the ground

3  that "Defendants should be enjoined "from taking any action to advance the [ongoing] disciplinary

4  matter[s] . . . or any other disciplinary action based on the same or similar facts pending a final

5  judgment in this action." ECF No. 128 at 2.

6  **II.   JURISDICTION**

7  Sanai alleges this Court has jurisdiction under 28 U.S.C. § 1331.

8  **III.  LEGAL STANDARD**

9  **A.    Rule 12(b)(1)**

10 "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and

11 'Controversies.'" *Lance v. Coffman*, 549 U.S. 437, 439 (2007). "One component of the case-or-

12 controversy requirement is standing, which requires a plaintiff to demonstrate the now-familiar

13 elements of injury in fact, causation, and redressability." *Id*. (citing *Lujan v. Defenders of*

14 *Wildlife*, 504 U.S. 555, 560–61 (1992)). A defendant may attack a plaintiff's assertion of

15 jurisdiction by moving to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil

16 Procedure. *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); *see also* 5B Charles

17 Alan Wright & Arthur Miller, Federal Practice and Procedure § 1350 (3d ed. 2004) ("A motion to

18 dismiss an action under Federal Rule 12(b)(1) . . . raises the fundamental question whether the

19 federal district court has subject matter jurisdiction over the action before it.")

20 "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v.*

21 *Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir.

22 2000)). "In a facial attack, the challenger asserts that the allegations contained in a complaint are

23 insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the

24 challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal

25 jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Where, as here, a defendant makes a facial

26 attack, the court assumes that the allegations are true and draws all reasonable inferences in the

27 plaintiff's favor. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004) (citations omitted); *Hyatt*

28 *v. Yee*, 871 F.3d 1067, 1071 n.15 (9th Cir. 2017). A court addressing a facial attack must confine

United States District Court
Northern District of California

its inquiry to the allegations in the complaint. *See Savage v. Glendale Union High Sch., Dist. No. 205, Maricopa Cty*., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003) (citations omitted).

### B. Motion for Preliminary Injunction

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008). To obtain preliminary injunctive relief, a plaintiff "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id*. at 20. A court may "balance the elements" of this test, "so long as a certain threshold showing is made on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (per curiam). Thus, for example, "serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quotation marks omitted).

### C. Leave to Amend

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision of whether to grant leave to amend is "within the discretion of the district court, which may deny leave due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment.'" *Leadsinger, Inc. v. BMG Music Pub*., 512 F.3d 522, 532 (9th Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## IV. DISCUSSION

Having reviewed the briefs, the Court concludes that Defendants' motion to dismiss must be granted because *Younger* abstention applies pursuant to the law of the case doctrine. Further leave to amend the complaint is not warranted. Finally, because Sanai has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief injury, the Court denies

1  his motion for preliminary injunction.

### A. Motion to Dismiss Second Amended Complaint

#### 1. *Younger* Abstention and Law of the Case

Defendants argue that "*Younger*, which applies here under law of the case, requires dismissal of the SAC." ECF No. 124-1 at 8. "The law of the case doctrine holds that 'a court will generally refuse to reconsider an issue that has already been decided by the same court or a higher court in the same case.'" *Chinatown Neighborhood Ass'n v. Harris*, 33 F. Supp. 3d 1085, 1093 (N.D. Cal. 2014), *aff'd*, 794 F.3d 1136 (9th Cir. 2015) (quoting *Gonzalez v. Ariz.*, 677 F.3d 383, 389 n. 4 (9th Cir. 2012)).

The abstention doctrine first articulated in *Younger v. Harris*, 401 U.S. 37 (1971), reflects the "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "[T]he issue of *Younger* abstention can be addressed by a federal court at any time no matter how far along the litigation is." *Adibi v. California State Bd. of Pharmacy*, 461 F. Supp. 2d 1103, 1109 (N.D. Cal. 2006). "Absent 'extraordinary circumstances,' abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justs. of Sup. Ct. of State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995).

In *Roshan v. Lawrence*, 2024 WL 339100, at *1, the Ninth Circuit affirmed this Court's prior conclusion that *Younger* abstention was warranted.[3] The Ninth Circuit made clear that it "reject[ed] [Sanai's] contention that [its] prior decision in *Hirsh* should not apply to these cases . . . . Applying *Hirsh*, we conclude that the district courts properly abstained under *Younger* in each of the four cases. Under *Hirsh*, for purposes of *Younger* abstention, California State Bar

---

[3] *Roshan v. Lawrence* was a consolidated appeal of four cases, including this one, that brought "nearly identical questions about the applicability of *Younger* abstention to California State Bar proceedings." 2024 WL 339100, at *1 n.1. The actions were all filed by Sanai either on his own behalf or on behalf of a client.

5

1    proceedings are judicial in nature and implicate important state interests." *Id.* at *1 (citing *Hirsh*, 67 F.3d at 712–713). The Ninth Circuit further reasoned that "attorneys subject to California State Bar disciplinary matters have an adequate opportunity to raise their federal constitutional claims in the State Bar proceedings." *Id.* at *2 (citing *Hirsh*, 67 F.3d at 713). It explicitly rejected Sanai's arguments "about the alleged insufficiency of the State Bar process," and that "the State Bar proceedings provide an inadequate opportunity to litigate[.]" And lastly, it concluded that Sanai failed to "demonstrate[] that the 'extraordinary circumstances' exception for *Younger* abstention should apply." *Id.* (citations omitted).

As Defendants correctly note, "the issue before the Court is whether the *Younger* doctrine applies to the claims in the SAC—the exact same issue that was decided on appeal." ECF No. 124-1 at 9. The Court agrees that the law of the case doctrine squarely applies here, meaning that *Younger* abstention requires dismissal of the claims in the SAC.

### 2. *Younger* Abstention Does Not Violate the First and Fifth Amendments

Although Sanai generally agrees that the law of the case doctrine applies to Defendants' motion, *see* ECF No. 118 at 2, he appears to contend that an exception is warranted in light of the Ninth Circuit's decision in *Jamgotchian v. Ferraro*, 93 F.4th 1150 (9th Cir. 2024). Specifically, he argues that "that *Younger,* as applied to California attorney discipline proceedings, violates the Fifth Amendment equal protection component of the due process clause and the First Amendment petitioning clause because federal court challenges to all California professional discipline matters can as of right be made in federal court, while *Younger* abstention prevents such challenges for attorneys." ECF No. 118 at 2. The Court is unpersuaded.

The appeal in *Jamgotchian* arose from a 2022 California Horse Racing Board ("CHRB") decision that Plaintiff Jerry Jamgotchian could not enter his horse, Malpractice Meuser, into races without registering with the private Jockey Club of New York. 93 F.4th at 1152–53. The CHRB is "the state agency responsible for administering 'all laws, rules, and regulations affecting horse racing.'" *Id.* at 1153 (quoting Cal. Bus. & Prof. Code § 19440(a)(3)). Litigants challenging CHRB decisions may bring their claims, including federal constitutional challenges, to state court via mandamus review. *Id.* In *Jamgotchian*, the CHRB advised plaintiffs that "a California

1    superior court would have authority to address his constitutional claims." *Id.*  Rather than seek

2    review of the CHRB's decision in state court, Jamgotchian brought his lawsuit in federal court

3    under 42 U.S.C. § 1983 against individual Stewards and CHRB members.  *Id.*  The Ninth Circuit

4    concluded that "Jamgotchian's decision not to seek review of the CHRB's ruling in state court did

5    not imbue the CHRB decision—or, in reality, its lack of decision—with preclusive effect." *Id.* at

6    1155–56.  Thus, there could be no requirement that plaintiffs go to state court before filing suit

7    under Section 1983, because that would amount to an improper exhaustion prerequisite.  *Id.* at

8    1156.

9        *Jamgotchian* never mentions *Younger* and has no bearing on the case at hand.[4]  Nor is

10   there anything novel about the Court's application of *Younger* to State Bar disciplinary

11   proceedings.  As Defendants correctly note, "*Younger* . . . has [previously] been applied to State

12   Bar disciplinary proceedings precisely because of the unique purposes and features of those

13   proceedings, which includes a unique judicial review procedure.  *Younger* applies to state attorney

14   disciplinary proceedings generally because they are akin to criminal proceedings and they

15   implicate core interests of state judiciaries to regulate the attorneys that practice in the state." ECF

16   No. 124-1 at 10 (citing *Middlesex*, 457 U.S. at 432; *Sprint Communications, Inc. v. Jacobs*, 571

17   U.S. 69, 79, 81 (2013); *Hirsh*, 67 F.3d at 712).  In other words, in applying *Younger* to the present

18   case, both the Ninth Circuit and this Court were trodding familiar ground.

19       It is also well-established that "'the California Supreme Court's rules relating to Bar Court

20   decisions provide for an adequate opportunity for a plaintiff to present federal constitutional

21   claims.'" *Sanai v. Kruger*, No. 23-CV-01057-AMO, 2023 WL 5496477, at *2 (N.D. Cal. Aug.

22   24, 2023), *aff'd sub nom. Roshan v. Lawrence*, No. 21-15771, 2024 WL 339100 (9th Cir. Jan. 30,

23   2024) (quoting *Robertson v. Honn*, No. 17-CV-01724-JD, 2018 WL 2010988, at *2 (N.D. Cal.

24   Apr. 30, 2018), *aff'd*, 781 F. App'x 640 (9th Cir. 2019), *cert. denied*, 141 S. Ct. 948 (2020)).

25   After the State Bar Court's decision becomes "final," a "recommendation . . . and the

26   accompanying record, is transmitted to [the Supreme Court of California]." *In re Rose*, 22 Cal.

27

28   [4] To put a fine point on it, *Jamgotchian* does not make a single reference to *Younger* abstention.

4th 430, 439 (2000). "The State Bar may make only recommendations to [the Supreme Court of California], which undertakes an independent determination whether the attorney should be disciplined as recommended." *Id.* at 439–440. The U.S. Supreme Court has squarely "rejected" the presumption "that the California Supreme Court will not adequately safeguard federal constitutional rights." *Hirsh*, 67 F.3d at 713 (citing *Middlesex*, 457 U.S. at 431). Finally, a federal forum is also available to litigations, as they may challenge California Supreme Court decisions via a petition for a writ of certiorari to the United States Supreme Court. *See Hirsh*, 67 F.3d at 713; *Beltran v. State of Cal.*, 871 F.2d 777, 780–81 (9th Cir. 1988).

In sum, Sanai's argument that *Younger* abstention does not apply because it "violates equal protection and the First Amendment" is without merit. ECF No. 118 at 7. "[*Younger*] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying *Younger* abstention have been frequently reiterated by [the U.S. Supreme Court]." *Middlesex*, 457 U.S. at 431. The *Younger* doctrine ensures that federal courts do not unduly interfere with core state functions—nothing in either *Jamgotchian* or Sanai's opposition compels this Court to reach a different result.[5]

**B.   Leave to Amend**

Sanai seeks leave to amend to file a third amended complaint so he can (1) add a Bane Act claim, ECF No. 118 at 8; (2) seek a declaration that certain state court judgments at issue in his disciplinary case are void, *id.* at 9; and (3) argue that he cannot defend himself in the ongoing disciplinary proceeding without breaching attorney-client confidences, *id.* at 2–3. The decision of whether to grant leave to amend is "within the discretion of the district court." *Leadsinger, Inc.*, 512 F.3d at 532 (quoting *Foman*, 371 U.S. at 182). A district court may deny leave for many reasons, including "futility of amendment." *Id.* A district court's discretion to deny leave to amend is "particularly broad" when it has previously granted leave to amend. *Chodos v. West*

---

[5] Because the Court concludes that *Younger* applies via law of the case, it need not reach Defendants' arguments under Rule 12(b)(6).

*Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002).  In this case, the Court concludes that amendment would be futile, and accordingly denies Sanai's request.[6]

### C. Motion for Preliminary Injunction

The Court now turns to address Sanai's motion for preliminary injunction.  On July 10, 2024, Sanai filed a motion for preliminary injunction, arguing that he "cannot defend himself" in the ongoing State Court proceedings "without disclosing confidential information" and that he "is being sent to trial before expiration of the time to complete discovery under the Second NDC." ECF No. 128 at 21.  Because Sanai has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief, the Court will deny the motion.

"*Winter* tells us that [a] plaintiff[] may not obtain a preliminary injunction unless [he] can show that irreparable harm is likely to result in the absence of the injunction." *All. for the Wild Rockies*, 632 F.3d at 1135.  First, Sanai argues that he cannot defend himself in his ongoing State Bar proceeding without revealing attorney-client information.  Sanai contends that "[p]ost-hearing review is an inadequate remedy because the defendant's very choice to reveal or not reveal are [sic] a violation that cannot be remedied." ECF No. 128 at 12.  This, however, is not sufficient to demonstrate irreparable harm:  Sanai can choose not to reveal attorney-client information at trial and subsequently appeal any adverse decision.  Interlocutory review may also be an option. *See* Cal. Rules of Court, Rule 9.13(c).  Thus, Sanai has not demonstrated that he is likely to face irreparable harm in the absence of a preliminary injunction.

Sanai's second argument concerning discovery fares no better.  Sanai argues that "[t]he time for requesting and litigating discovery has not expired on the second NDC; both sides agree that the expiration date is July 3, 2024." ECF No. 128 at 20.  Putting aside the fact that Sanai filed his motion for preliminary injunction on July 10—one week after the alleged date of expiration—Sanai has not put forth any argument as to why he cannot raise his "due process" arguments on appeal.  Indeed, Sanai appears to concede that this argument lacks the necessary element of "irreparable injury." ECF No. 128 at 20.

---

[6] The Court will also dismiss as moot Defendants' motion for a stay of discovery pending a ruling on their motion to dismiss.  ECF No. 84.

Because Sanai has not established a likelihood of irreparable harm, his motion for a preliminary injunction is denied.[7]

## CONCLUSION

In sum, Defendants' motion to dismiss, ECF No. 86, is granted. Sanai's request for leave to amend is denied. The Court denies Defendants' motion for a stay of discovery, ECF No. 84, as moot. And finally, the Court denies Sanai's motion for preliminary injunction, ECF No. 128.

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: July 16, 2024



JON S. TIGAR
United States District Judge

---

[7] In light of this conclusion, the Court need not reach Sanai's remaining arguments on this issue.

10