UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>   Plaintiff,<br><br>  v.<br><br>GEORGE CARDONA, et al.,<br><br>   Defendants. | Case No. 22-cv-01818-JST<br><br>**ORDER DENYING MOTION TO SET ASIDE JUDGMENT**<br><br>Re: ECF No. 137 |

On March 23, 2022, Plaintiff Cyrus Sanai, a California lawyer, initiated this action for declaratory and injunctive relief against Defendants George Cardona, the State Bar Chief Trial Counsel, and Leah Wilson, the State Bar Executive Director, after receiving a letter notifying him that the State Bar would initiate disciplinary proceedings against him. ECF No. 1; ECF No. 28 ¶ 30; ECF No. 77 ¶ 30. He filed his second amended complaint on May 22, 2023. ECF No. 77. Defendants subsequently filed a motion to dismiss, which the Court granted on July 16, 2024. ECF No. 134. In so ruling, the Court held that *Younger* abstention required dismissal of his claims.

Now before the Court is Sanai's motion for reconsideration. ECF No. 137. For the reasons stated below, the Court will deny the motion.

"Where, as here, the Court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure." *Banh v. McEwan*, No. C 10-5915 JSW (PR), 2012 WL 369920, at *1 (N.D. Cal. Feb. 3, 2012). Under Federal Rule of Civil Procedure 60(b), a movant may seek relief from a final judgment for six reasons: (1) mistake, inadvertence, surprise or excusable neglect; (3) newly discovered evidence that by due diligence could not have been discovered before the court's

decision; (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; or (6) any other reason justifying relief. *See* Fed. R. Civ. P. 60(b); *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

Under Rule 59(e), a party may move a court to alter or amend a judgment within 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). "Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (internal quotation marks and citation omitted). A Rule 59(e) motion "is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." *Kaufmann v. Kijakazi*, 32 F.4th 843, 850 (9th Cir. 2022) (internal quotation marks and citation omitted). Generally, there are four grounds upon which a Rule 59(e) motion may be granted: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Allstate*, 634 F.3d at 1111.

Sanai asks for relief from the judgment on the grounds that the Court mistakenly granted Defendants' motion to dismiss and because of new facts. ECF No. 137 at 2. "With respect to mistake, a [motion for reconsideration] may seek relief from an excusable mistake on the part of a party or counsel, or if the district court has made a substantive error of law or fact in its judgment or order." *Bamforth v. Facebook, Inc.*, No. 20-cv-09483-DMR, 2022 WL 1987858, at *3 (N.D. Cal. June 6, 2022) (internal quotation marks and citation omitted). Sanai disagrees with the outcome of the Court's dismissal order but does not identify any substantive mistake. *See* ECF No. 137. "[M]ere dissatisfaction with the court's order or the belief that the Court is wrong in its decision are not adequate grounds for relief." *Washington v. Caropreso*, No C 11-3666 LHK (PR), 2013 WL 4426449, at *1 (N.D. Cal. Aug. 15, 2013). Nor does Sanai's evidence of the denial of his motion for other discovery in his disciplinary proceedings change the Court's analysis. *See Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987) ("newly discovered evidence must be of such magnitude that production of it earlier would

1   have been likely to change the disposition of the case").

2           Accordingly, Sanai's motion for reconsideration is denied.

3   **IT IS SO ORDERED.**

4   Dated:  September 30, 2024



JON S. TIGAR
United States District Judge