UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS SANAI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GEORGE CARDONA, et al.,<br><br>　　　　　Defendants. | Case No. 22-cv-01818-JST<br><br>**ORDER DENYING MOTIONS FOR INDICATIVE RULING**<br><br>Re: ECF No. 165, 168 |

Before the Court are Plaintiff Cyrus Sanai's two motions for an indicative ruling on a motion for relief from judgment or order. ECF Nos. 165, 168. The Court will deny both motions.

## I.　BACKGROUND

Because the facts are well-known to the parties and the Court has summarized Sanai's allegations in detail in its prior orders, ECF Nos. 58, 82, the Court will not repeat them in full here. In sum, this closed case concerns the declaratory and injunctive relief that Sanai—a California lawyer—sought against Defendants George Cardona, the State Bar Chief Trial Counsel, and Leah Wilson, the State Bar Executive Director (collectively, "Defendants"), in March 2022, shortly after receiving a letter notifying him that the State Bar would initiate disciplinary proceedings against him. ECF No. 1; ECF No. 28 ¶ 30; ECF No. 77 ¶ 30.

Sanai filed his second amended complaint on May 22, 2023. ECF No. 77. Defendants subsequently filed a motion to dismiss, which the Court granted on July 16, 2024. ECF No. 134. In so ruling, the Court held that *Younger* abstention required dismissal of his claims. *Id.* Sanai then filed a motion for reconsideration to set aside the final judgment, ECF No. 137, which the Court denied on September 30, 2024. ECF No. 154.

Sanai appealed the July 16, 2024, order granting the motion to dismiss (and the

accompanying judgment entered) and the September 30, 2024, order denying motion for reconsideration. ECF Nos. 135, 154, 157. Those appeals remain pending before the Ninth Circuit.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a). Consideration of such a request involves four steps:

> First, the appealing parties must be motivated by some concern or issue and specifically ask for an indicative ruling. Second, the District Court is then obliged to indicate its view of the request. If the request is denied, that ends the inquiry. If the District Court is inclined to grant the request for an indicative ruling, the third step is to tell the parties and the Circuit Court of its intent. Finally, it is up to the Circuit Court to decide whether it will send the case back to the District Court and empower the lower court to rule.

*Defs. of Wildlife v. Salazar*, 776 F. Supp. 2d 1178, 1182 (D. Mont. 2011).

## III.  DISCUSSION

In both motions, Sanai asks the Court for an indicative ruling that this Court would grant Sanai's Rule 60 motion if the Ninth Circuit remands the case or that the Rule 60 motion raises a substantial issue. In his first motion, Sanai argues that the recent Ninth Circuit case *Seattle Pacific University v. Ferguson*, 104 F.4th 50 (9th Cir. 2024), clarifies that *Younger* abstention only applies to proceedings that are "judicial in nature" and that his California State Bar proceedings were not "judicial in nature." *See generally* ECF No. 165. In his second motion, Sanai argues that the Supreme Court's recent decision in *Williams v. Reed*, 604 U.S. ----, 145 S. Ct. 465 (2025), invalidates California's attorney discipline scheme and that under the reasoning in *Williams*, federal courts should not abstain under *Younger* in relation to claims against the California State Bar because doing so would deny a forum for constitutional claims.[1] *See generally* ECF No. 168.

---

[1] As a preliminary matter, the Court notes that *Williams* was not a case involving *Younger* abstention.

2

The Court has reviewed Sanai's requests and concludes that they lack merit. Additionally, the Court observes that it has already considered and rejected many of Sanai's arguments, which he has raised repeatedly in earlier motions. Sanai's motions under Rule 62.1 are therefore denied.

"[T]he purpose of Rule 62.1[(a)] is to promote judicial efficiency and fairness by providing a mechanism for the district court to inform the parties and the court of appeals how it could rule on a motion made after the district court has been divested of jurisdiction." *Harper v. Charter Commc'ns, LLC*, No. 2:19-CV-00902 WBS DMC, 2024 WL 3901469, at *1 (E.D. Cal. Aug. 22, 2024) (quoting *Amarin Pharms. Ir. Ltd. v. FDA*, 139 F. Supp. 3d 437, 447 (D.D.C. 2015)). As Defendants point out, "Plaintiff is not presenting newly discovered evidence or any other issue that this Court would be in any better position than the Ninth Circuit to decide. Rather, he is asking this Court to consider the same question (i.e., does *Younger* apply) that is at issue in his pending appeal." ECF No. 172 at 6. Under these circumstances, issuing an indicative ruling would not promote judicial efficiency and fairness because the Ninth Circuit may address the newly cited cases by Sanai in the first instance, and if this Court issued an indicative ruling relating to either *Seattle Pacific* or *Williams*, "that would likely delay the previously scheduled proceedings in front of the Ninth Circuit." *Harper*, 2024 WL 3901469, at *2; *see also Retirement Board of Policemen's Annuity & Benefit Fund of City of Chicago v. Bank of New York Mellon*, 297 F.R.D. 218, 221–23 (S.D.N.Y. 2013) ("Unlike a Rule 60(b) motion, where the appellate court benefits from the district court's evidentiary assessments, the legal question at issue here is reviewed *de novo* by the court of appeals. The [Ninth] Circuit needs no help deciphering the meaning of its own decision in [*Seattle Pacific*].").

## CONCLUSION

For reasons set forth above, Sanai's motions for an indicative ruling are denied.

**IT IS SO ORDERED.**

Dated: June 10, 2025

_____
JON S. TIGAR
United States District Judge